Harper, J.
delivered the opinion of the Court.
We think the motion in this case, must be granted; not perhaps, strictly on the ground contended for, that this is an account between merchant and merchant, within the exception of the statute of limitations; but on a principle, which seems to be settled by decisions; that if there be mutual running accounts between others than merchants, and any of the items have accrued within the time of the statute, this amounts to an acknowledgment of the previous account, and a promise to pay. Sergeant Williams in his note to Saunders, 2d. vol. 117. a. n. 7, says “the distinction is, that where there have been mutual, current, and unsettled, dealings and accounts between the parties, and any of the items are within six years, the plaintiff, to a plea of the statute that the defendant did not promise within six years, may reply generally, that the defendant did so promise ; and the reason seems to be, because the mutual accounts between the parties, for *293 any item of which credit has been given within six years, are of themselves, evidence of their being such an account, and of a promise to pay the balance.”
In Cotes v. Harris, Bull. Ni. Pri. 149, where the account was all on one side, and the last item only had accrued within six years, Mr. Justice Denison, held, that the clause of the statute about merchants’ accounts, extended only to cases where there were mutual accounts; but if it were only a demand of A. against B., in the common way of business, as by a' tradesman on his customer, that cannot be called, merchants’ accounts. But in Catling v. Skoulding, 6 T. R. 189, where the plaintiif’s testator, an attorney, leased to the defendants a house for fourteen years, and during that time, the defendants who were chandlers, furnished him with liquors and other articles in the way of their trade, and at the time of the action brought, only one half years rent, and one or two items of the defendants’ account, had accrued within six years, this was held, not to be within the bar of the statute. It was objected that the plaintiif ought to have replied the exception of the statute relative to merchants’ accounts. But Lord Kenyon observed, that if they had been merchants’ accounts, they were not within the statute, though six years had elapsed since any new item. “But the present case steel's wide of that objection; it is not doubted, but that a promise or acknowledgment within six years, will take the ease out of the statute; and the only question is, whether there is not evidence of an acknowledgement in the present case. Here are mutual items of account ; and I take it to have been clearly settled, as long as I have any memory of the pi'actice of Courts, that every new item and credit given in an account, by one party to the other, is an admission of their being some unsettled account between them, the amount of which is afterwards to be ascertained.” In the case of Cranch v. Kirkman, Peakes Ni. Pri, 121, which was a case precisely like the one before us, mutual accounts for goods sold and delivered, the same Judge seems to have thought it within the exception *294 Of the statute relative to merchants’ accounts, though it appears, the parties were notregarded as merchants. He agreed, that where the demand of one party arises long after the demand of the other, that shall not revive the antecedent account; but this was in the nature of a running, or mutual, account, between the parties.
Chestney, for the motion.
J. L. Clarke, contra.

Motion granted.